**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW HALE, *et al.*, | ) | CASE NO. 1:16-cv-02967 |
| Plaintiffs, | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| ANTHONY BUNCE, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

### I. Procedural Background

On December 12, 2016, Plaintiffs Matthew Hale and Patrick Lyons, *pro se*, (hereinafter "Plaintiffs") filed a Complaint. (R. 1). After the case management deadlines were set by the District Judge, the parties consented to the jurisdiction of the undersigned Magistrate Judge. (R. 19 & 21). After what appears to be rather limited discovery, the parties filed cross-motions for summary judgment. (R. 25 & 26). The parties filed opposition briefs and reply briefs respectively. (R. 31, 32, 33, 34).

### II. Legal Standards

#### A. Summary Judgment Standard

Summary judgment is appropriate where the record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(a). Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court held that:

> . . . [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Sixth Circuit in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), has interpreted *Celotex* and two related cases, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574 (1986), as establishing a "new era" of favorable regard for summary judgment motions. Street points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the responding party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *Street*, 886 F.2d at 1479. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*. In ruling on a motion for summary judgment, the court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990). In other words, at the summary judgment stage, it not a judge's function to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue of fact for trial. *Id*. at 249.

**B. *Pro Se* Pleadings**

The Sixth Circuit has held that "*pro se* pleadings are to be liberally construed and that in some cases active interpretation is required to construe a *pro se* petition to encompass any allegation stating federal relief." *Johnson v. United States*, 457 Fed. App'x 462, 467 (6th Cir. 2012) (internal quotation marks omitted) (*citing Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Nevertheless, it is generally accepted that generous construction of *pro se* filings is not limitless. Liberal construction "does not require those courts to conjure up questions never squarely presented to them," "to construct full blown claims from sentence fragments," "to anticipate all arguments that clever counsel may present in some appellate future," or "to transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *accord Crawford v. Crestar Foods*, 210 F.3d 371 (6th Cir. 2000); *Fayne v. Clipper*, 2013 WL 459895 at \*3 (N.D. Ohio Feb. 6, 2013) (Boyko, J.); *Stancik v. CNBC*, 420 F. Supp. 2d 800, 808 (N.D. Ohio 2006). Courts have not abrogated basic pleading essentials in *pro se* suits. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596 (1972) (*per curiam*); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). *Pro se* litigants are required to state their claims in an understandable and efficient manner. *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999). The court is not required to manufacture allegations which are not properly pled. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979); *Ayers v. John Does 1-10*, No. C1-94-285, 1995 WL 313681, at \*1 (S.D. Ohio Feb. 28, 1995); *Abdool-Rashaad v. Seiter*, 690 F.Supp. 598, 600 (S.D. Ohio 1987).

### III. Analysis

Keeping in mind that *pro se* pleadings are entitled to liberal construction, the court

construes the Complaint as attempting to raise three causes of action, two of which are not cognizable. First, though articulated in the language of an infringement claim, the Plaintiffs allege that they are co-authors of several musical compositions created while they were in a band together with the Defendant. (R. 1). Second, Plaintiffs claim that Defendant, a co-author of the musical compositions, infringed on their rights by registering a copyright in said musical compositions that was inaccurate, by failing to share proceeds stemming from the musical compositions, and by generally failing to credit them as co-authors. *Id*. Third, Plaintiffs allege "[c]ontract fraud" stemming from a contract that was entered into between Defendant and a third-party—Opus 1 Music. *Id*. The court addresses these three causes of action in reverse order.

## A. Contract/Fraud Claim

The Complaint alleges that non-party Opus 1 Music and Defendant entered into an agreement resulting in the placement of one of the allegedly joint musical compositions in a movie. (R. 1). Plaintiffs further allege that Opus 1 Music is a licensing company that "requires that the band owns the master recordings." *Id*. Because Plaintiffs allege that they were co-authors of the musical works in question and helped pay for the master recordings, they believe Defendant perpetrated a fraud upon Opus 1 Music.

Plaintiffs, however, have not alleged that they were a party to the contract between Defendant and Opus 1 Music; and, therefore, they lack standing to bring a breach of contract claim against Defendant or to bring a claim that Opus 1 Music was fraudulently induced into entering a contract with Defendant. "It is well established that a contract is binding only upon parties to a contract and those in privity with them." *Res. Title Agency, Inc. v. Morreale Real Estate Servs., Inc.*, 314 F. Supp. 2d 763, 770 (N.D. Ohio 2004) (*citing* S*amadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 778, 798 N.E.2d 1141 (Ohio Ct. App. 2003); *American Rock*

4

*Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App.3d 53, 58, 608 N.E.2d 830 (Ohio Ct. App. 1992)). "Accordingly, an action for breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties, such as an intended third-party beneficiary." *Res. Title Agency, Inc.*, 314 F. Supp. 2d at 770 (*citing Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161, 566 N.E.2d 1220 (Ohio 1991); *American Rock Mechanics, Inc.*, 80 Ohio App.3d at 58. None of the facts alleged would support a theory that third-party Opus 1 Music intended to confer a benefit on Plaintiffs of whom they apparently were completely unaware.

To the extent Plaintiffs would argue that a separate contract existed between them and the Defendant, the Complaint is wholly devoid of any allegation that any such contract ever existed.

Finally, to the extent Plaintiffs were attempting to raise a simple fraud claim against Defendant, such a claim also fails on its face. In order to state a claim for fraud under Ohio law, a plaintiff must allege: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Groob v. KeyBank*, 108 Ohio St. 3d 348, 357, 2006-Ohio-1189 at ¶47, 843 N.E.2d 1170, 1178 (Ohio 2006); *accord Found. for Moral Law, Inc. v. Infocision Mgmt. Corp.*, 2008 WL 5725627, *5 (N.D. Ohio May 27, 2008). Plaintiffs have not alleged any false representation *made to them* or concealment of a fact that Defendant had a legal duty to disclose.

As such, to the extent Plaintiffs attempted to raise a breach of contract or fraud claim, such a claim is DISMISSED.

**B. Copyright Infringement Claim**

The Complaint purports to raise copyright infringement claims against Defendant, as Plaintiffs allege they are co-authors of joint works[1] for which Defendant has obtained a copyright. Plaintiffs, however, fail to state a claim upon which relief can be granted.

The Sixth Circuit Court of Appeals has found that "no claim of infringement could lie against" a "co-author of the songs" or the co-author's assignee. *Severe Records, LLC v. Rich*, 658 F.3d 571, 582 (6th Cir. 2011); *accord Studer Grp., LLC v. Cleveland Clinic Found.*, No. 1:10CV1957, 2014 WL 1788304, at *6 (N.D. Ohio May 5, 2014) ("Pursuant to 17 U.S.C. § 501(a), an infringement claim may only be brought against someone who violates "the *exclusive* rights of the copyright owner…. An owner does not have rights exclusive of a co-owner's; so, no claim of infringement can lie against a co-owner.") (Boyko, J.); *Corwin v. Quinonez*, 858 F. Supp. 2d 903, 909-10 (N.D. Ohio 2012) ("[B]ecause joint authors own an undivided interest, they are not liable to one another for copyright infringement.") (Katz, J.) (*citing Newman v. Crowell*, 1979 WL 1078 at *2 (S.D.N.Y. Oct. 4, 1979) (joint copyright owners cannot sue each other for infringement "because a copyright owner cannot infringe his own copyright.")).

The crux of Plaintiffs' complaint is that they are co-owners of a number of musical compositions with Defendant. As such, given the liberal construction due to *pro se* pleadings, the court construes the Complaint as a declaratory action seeking to establish joint ownership in a number of works. *See Gaiman v. McFarlane,* 360 F.3d 644, 648, 652 (7th Cir. 2004) (suit for

---

[1] A copyrighted work is considered a "joint work" when it is "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Copyright in a work "vests initially in the author or authors of the work," and, "authors of a joint work are coowners of copyright in the work." 17 U.S.C. § 201(a).

declaration of authorship "is not a suit for infringement."). Therefore, the court DISMISSES any claims purporting to assert a copyright infringement.

**C. Declaratory Action Claim of Joint or Co-Authorship**

As set forth above, the court construes this action as raising a declaratory action seeking recognition that Plaintiffs are co-authors of a number of songs written in conjunction with Defendant, and an accounting of ensuing profits.

**1. Statute of Limitations**

Defendant asserts he is entitled to summary judgment because Plaintiffs claims are barred by the statute of limitations. (R. 25-1). However, while both copyright infringement claims and claims of co-authorship are subject to a three-year statute of limitations, the triggering event starting the statute of limitations is not necessarily the same. Differing from a claim of copyright infringement, as explained by the Sixth Circuit, a claim for copyright ownership is barred three years from the time of a "plain and express repudiation" of ownership:

> When claims for both infringement and ownership are alleged, the infringement claim is timely only if the corresponding ownership claim is also timely. *Ritchie v. Williams*, 395 F.3d 283, 288 n. 5 (6th Cir. 2005). A claim for copyright ownership "is barred three years from 'plain and express repudiation' of authorship." *Id*. (*citing Aalmuhammed v. Lee*, 202 F.3d 1227, 1230–31 (9th Cir. 2000)). A copyright ownership claim "accrues only once, and if an action is not brought within three years of accrual, it is forever barred." *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *see also Davis v. Meridian Films, Inc.*, 14 Fed. App'x 178, 181 (4th Cir.2001) (unpublished opinion). In contrast, a claim for copyright infringement can accrue more than once because each infringement is a distinct harm. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004).

*Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 390 (6th Cir. 2007);

*Gomba Music Inc. v. Avant*, 225 F. Supp. 3d 627, 641 (E.D. Mich. 2016) ("The last time the Sixth Circuit considered this issue, it characterized plain and express repudiation as a

7

requirement for copyright ownership claim accrual.")

Therefore, to prevail on his motion for summary judgment, Defendant must establish that there is no genuine issue of material fact as to whether he plainly and expressly repudiated any claim of authorship by Plaintiffs more than three years before the filing of the present suit. The sole evidence offered by Defendant suggesting a plain and express repudiation of authorship is his own affidavit stating that one of the Plaintiffs attended a performance of Defendant's band in 2008 and was given a CD entitled *Tempest in a Teapot*, along with accompanying printed materials that indicated all songs (including those at issue in this action) were by Defendant Tony Bunce. (R. 25-3, PageID# 92). Plaintiffs dispute this assertion in their "affidavits," stating that they did not "see, possess, or hear" the aforementioned CD until within three years of December 12, 2016—the date the Complaint was filed.[2] (R. 32-1, PageID# 226; R. 32-2, PageID# 227). Because the admittedly meager evidence of record appears to show a genuine dispute as to whether the Plaintiffs were aware of the *Tempest in a Teapot* CD from 2008 containing the allegedly co-authored works (and Defendant's accompanying assertion that all songs were by him), the court does not reach the issue of whether such notice, if indeed given, would satisfy the plain and express repudiation requirement.[3]

Therefore, Defendant's motion for summary judgment (R. 25) is DENIED.[4]

---

[2] While the Plaintiffs affidavits are not notarized or offered under penalty of perjury, the court declines to impose the drastic sanction of summary judgment against *pro se* litigants for this oversight. Conversely, as stated below, the court declines to rely on the same to grant summary judgment in Plaintiffs' favor.

[3] In *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1006 (E.D. Mich. 2005), the district court found that the fact plaintiff was listed as an engineer and co-producer on an album did not constitute a "plain and express repudiation of authorship."

[4] This finding should not be misconstrued as an affirmative finding that the present action has

### 2. Plaintiffs' Motion for Summary Judgment

As indicated above, Plaintiffs also filed a motion for summary judgment with respect to their claims. While the evidence necessary to support a motion for summary judgment need not be in a form admissible at trial, Fed. R. Civ. P. 56(c)(1)(a) requires a party requesting summary judgment in its favor or an opposing party "to go beyond the pleadings" and argument, *Celotex Corp.*, 477 U.S. at 324, and cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Plaintiffs' motion for summary judgment fails to establish the absence of a genuine issue of material fact regarding whether Plaintiffs were joint or co-authors. In addition, the evidence at this point is inconclusive and the court finds summary judgment in Plaintiffs favor would be inappropriate. Further evidence could reveal that Plaintiffs' claim is time-barred, in which case the issue of authorship would be moot. The record before the court, however, demonstrates a genuine issue of material fact precluding summary judgment.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (R. 26) and Defendant's Motion for Summary Judgment (R. 25) are both DENIED without prejudice. Furthermore, as set forth above, Plaintiffs have not alleged actionable claims for breach of contract, fraud, or copyright infringement. If the evidence uncovered during discovery warrants

---

been filed within the statute of limitations and in a timely manner. Rather, the court simply finds that Defendant, who bears the burden as the moving party, has failed to set forth sufficient facts to show he is entitled to summary judgment. Moreover, nothing in this ruling precludes Defendant from raising the statute of limitations defense in the future if additional discovery reveals evidence of sufficient notice to Plaintiffs.

the filing of new motions for summary judgment, the parties may file them within thirty (30) days after the close of discovery.[5]

    IT IS SO ORDERED.

                                        David A Ruiz
                                        United States Magistrate Judge

Date: October 23, 2017

---

[5] The court by order (R. 37) extended the close of discovery to December 19, 2017. The parties are cautioned to use sound discretion in deciding whether to renew motions after the close of discovery, and should refrain from doing so if it is clear that genuine issues of material fact remain. A useful question to mull over when deciding whether genuine issues of material fact remain is to ask whether the court would be required to find one party more credible than the other before deciding an issue in his favor. If so, the parties' dispute is properly resolved by the trier of fact and not appropriate for summary judgment. Parties should also be mindful that all filings with the court must be double-spaced per Local Rule 10.1, and adhere to the page limitations set forth in Local Rule 7.1. These rules can be found on the court's website at: http://www.ohnd.uscourts.gov/home/rules-and-orders/local-civil-rules/ In addition, all future filings must utilize standard 12 point Times New Roman font (or another font that has no more than eighty (80) characters to a line of text) with one-inch page margins.